ZHU YAN HUANG, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 05–4453–ag.

United States Court of Appeals,
Second Circuit.

March 20, 2007.

**60**

Thomas V. Massucci, New York, NY, for Petitioner.

Gary L. Hayward, Assistant United States Attorney, for Matthew G. Whitaker, United States Attorney for the Southern District of Iowa, Des Moines, IA, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhu Yan Huang, a native and citizen of the People's Republic of China, seeks review of a July 21, 2005 order of the BIA affirming the June 17, 2004 decision of Immigration Judge ("IJ") Barbara A. Nelson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhu Yan Huang,* No. A 73 659 590 (B.I.A. July 21, 2005), *aff'g* No. A 73 659 590 (Immig. Ct. N.Y. City June 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). Because Huang's challenges to the IJ's specific credibility findings are subsidiary to the general issue of credibility, which Huang raised before the BIA, we find that Huang was not required to exhaust these challenges before the BIA. *See Gill v. INS,* 420 F.3d 82, 86–87 (2d Cir.2005); *cf. Steevenez*

*v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir. 2007) (declining to consider petitioner's unexhausted challenge to an issue which, on its own, constituted a basis for denying relief).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ We find that the testimonial inconsistencies regarding whether Huang's wife was detained between April and December 1993, whether his wife was taken to the hospital forcibly or went voluntarily in April 1993, and the circumstances of his second child's death are well supported by the record. Additionally, the IJ afforded Huang an opportunity to explain each of these inconsistencies, and Huang failed to provide an explanation that a reasonable factfinder would be compelled to credit. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). The IJ also properly found it to be implausible that, if Huang's child died at or shortly after its birth, Huang would neither know nor inquire about the

cause of his child's death. Such finding was not impermissibly speculative. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir.2006). Therefore, we are not compelled to disturb the IJ's findings. *See Majidi*, 430 F.3d at 80–81. Finally, because Huang's credibility had already been called into question for a number of reasons, the IJ reasonably found that Huang's credibility was not rehabilitated by the evidence he did produce, which did not include his wife's affidavit, allegedly in Huang's possession. *See Xiao Ji Chen*, 471 F.3d at 341.

■ Although there are errors related to the IJ's adverse credibility determination, we can confidently predict that the agency would reach the same credibility determination upon reconsideration of Huang's claims upon remand. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir.2006). Huang has waived his illegal departure claim before this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545–46 n. 8 (2d Cir.2005) (noting that the court need not address issues waived in briefs). Because Huang's family planning claim is the only remaining basis for his asylum, withholding of removal, and CAT claims, the adverse credibility determination is dispositive and we deny the petition for review. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED.